**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4058**

———————

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

RODOLPHO TRUJILLO, a/k/a Rudy,

     Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:11-cr-00288-MOC-1)

———————

Submitted: November 25, 2013   Decided: December 4, 2013

———————

Before SHEDD, AGEE, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Matthew G. Pruden, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodolpho Trujillo appeals the 135-month sentence imposed by the district court following his guilty plea, pursuant to a written plea agreement, to conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2012). On appeal, Trujillo's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Trujillo's trial counsel was ineffective. Trujillo filed a pro se supplemental brief, in which he claims that he received ineffective assistance of counsel, that the drug amount on which his sentence was based was erroneous, that there was insufficient evidence to support the money laundering conviction and related increase to his base offense level, and that there exists an unwarranted sentencing disparity between himself and a co-conspirator. Finding no error, we affirm.

The sole issue raised in the Anders brief is whether trial counsel was ineffective for failing to take the steps necessary to ensure that Trujillo received the benefit of the safety valve provision. "A defendant can raise the claim of ineffective assistance of counsel . . . on direct appeal if and

2

only if it conclusively appears from the record that his counsel did not provide effective assistance . . . ." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998). To prove ineffective assistance the defendant must satisfy two requirements: (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In the context of a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The present record does not conclusively demonstrate that counsel was ineffective. Thus, Trujillo's claim is not cognizable on direct appeal.

In accordance with Anders, we have reviewed the entire record, including Trujillo's pro se arguments, and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Trujillo, in writing, of his right to petition the Supreme Court of the United States for further review. If Trujillo requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for

3

leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Trujillo.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED